Case 05-02110   Filed 09/06/05   Doc 27

POSTED ON WEB SITE

FILED

SEP - 6 2005

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA



UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br>DEBORAH LOUISE STARZER,<br>      Debtor(s). | Case No. 04-34413-B-7<br>Chapter 7. |
| LINDA SELINE SWIHART,<br>      Plaintiff(s),<br>vs.<br>DEBORAH LOUISE STARZER,<br>      Defendant(s). | Adv. No. 05-2110-B<br><br>Date:<br>Time:<br>Place: |

**MEMORANDUM DECISION**

This adversary proceeding was submitted on a Stipulation of Facts filed June 28, 2005 (Docket 13). The facts stated in the Stipulation of Facts are adopted as the findings of the court. In a nutshell, in July, 2001, Defendant petitioned the Butte County Superior Court for appointment as the conservator of the person and estate of Plaintiff, Defendant's mother. On September 26, 2001, Defendant was appointed conservator of the person and estate of Plaintiff pursuant to the California Guardianship-Conservatorship Law, Cal. Probate Code § 1400, et seq. (the

-1-

"CGCL"). One of the assets of the conservatorship estate was a margin securities account known as the "E-Trade Account."

After Defendant's appointment as conservator, she took no action with regard to the E-Trade Account. During the conservatorship, the value of the E-Trade Account declined as a result of sales of securities in the account to satisfy "margin calls."

In November, 2002, Defendant filed her first account and report of conservator. Plaintiff objected to the first account, requesting, inter alia, that Defendant be surcharged for the loss of value of the E-Trade Account. After trial, the Butte County Superior Court found that Defendant ignored the E-Trade Account and managed only other parts of the conservatorship estate. The Superior Court further found that Defendant "did not act with ordinary care and diligence as is required by law, nor did she act prudently to conserve or protect the E-trade account from losses."

Pursuant to the Superior Court's ruling, on March 5, 2004, a judgment after trial (the "Judgment") was filed surcharging Defendant in the amount of $82,143.20, plus costs of suit. Plaintiff's costs of suit in the surcharge action were $9,555.10.

After the Stipulation of Facts was filed, the parties submitted briefs, and the matter was deemed submitted on August 29, 2005, the last date for filing Plaintiff's reply brief.

For the reasons stated in this memorandum decision, Defendant's debt to Plaintiff pursuant to the Judgment (in the amount of $82,143.20, plus costs of $9,555.10, for a total of

$91,698.30), is non-dischargeable in this chapter 7 case pursuant to 11 U.S.C. § 523(a)(4). In addition, Plaintiff shall recover costs in this adversary proceeding in the amount of $150.00, and that amount is also non-dischargeable in this chapter 7 case pursuant to 11 U.S.C. § 523(a)(4).

As the parties recognize, this case turns on the resolution two issues: (1) whether Defendant's status as conservator of the person and estate of Plaintiff created a fiduciary relationship within the meaning of 11 U.S.C. § 523(a)(4), and (2) if so, whether Defendant's conduct in "ignoring the E-trade account and managing only other parts of the Conservatorship estate," thereby creating damage to Plaintiff in the amount set forth in the Judgment, constituted defalcation while acting in a fiduciary capacity within the meaning of 11 U.S.C. § 523(a)(4).

### Fiduciary Relationship

Whether a particular relationship involves a fiduciary capacity under 11 U.S.C. § 523(a)(4) is a question of federal law. Blyler, et al. v. Hemmeter (In re Hemmeter), 242 F.3d 1186, 1189 (9th Cir. 2001); Woodworking Ent., Inc. v. Baird (In re Baird), 114 B.R. 198, 202 (9th Cir. BAP 1990). The term "fiduciary" in the bankruptcy discharge context includes technical and express trusts, but excludes trusts ex maleficio, i.e., trusts that arise by operation of law upon a wrongful act. In re Cantrell, 329 F.3d 1119 (9th Cir. 2003), *citing* Lewis v. Scott (In re Lewis), 97 F.3d 1182, 1185 (9th Cir. 1996).

A fiduciary relationship imposed by statute may cause a

-3-

person to be considered a fiduciary under 11 U.S.C. § 523(a)(4):

> In general, a statutory fiduciary is considered a fiduciary for the purposes of § 523(a)(4) if the statute: (1) defines the trust res; (2) identifies the fiduciary's fund management duties; and (3) imposes obligations on the fiduciary prior to the alleged wrongdoing.

Hemmeter, 242 F.3d at 1190.

The CGCL meets the foregoing requirements. First, the CGCL defines the trust res. The analysis on this point begins with Cal. Probate Code § 2100 which states:

> Guardianships and conservatorships are governed by Division 3 (commencing with Section 1000) except to the extent otherwise expressly provided by statute, and by this division. If no specific provision of this division is applicable, the provisions applicable to administration of estates of decedents govern so far as they are applicable to like situations.

Cal. Prob. Code § 2100 (West 2002 & Supp 2005).

There is no specific statute in Division 3 that expressly addresses the res of a conservatorship estate[1]. There are specific statutes which state what is NOT part of a conservatorship estate. Those statutes will be addressed further below.

Because no statute in Division 3 specifically defines the res of a conservatorship estate, Probate Code § 2100 directs attention to the provisions governing administration of

---

[1] Under Cal. Probate Code § 1801(b), a conservator of the estate may be appointed for a person who is substantially unable to manage his or her own financial resources. That section furthers the legislative purpose stated in Cal. Probate Code § 1800(g) to provide for the proper management and protection of the conservatee's real and personal property. However, neither of these sections expressly defines the res of a conservatorship estate.

-4-

decedents' estates. Those provisions are located in Division 7 beginning at Probate Code Section 7000. Probate Code Section 7001 states:

> The decedent's property is subject to administration under this code, except as otherwise provided by law, and is subject to the rights of beneficiaries, creditors, and other persons as provided by law.

Cal. Prob. Code § 7001 (West 1991 & Supp 2005). "Property" is defined in Probate Code Section 62 to mean "anything that may be the subject of ownership and includes both real and personal property and any interest therein." Cal. Prob. Code § 62 (West 2002 & Supp 2005). That definition of property is generally applicable under the Probate code. Cal. Prob. Code § 20 (West 2002 & Supp 2005).

Applying Probate Code Section 7001 to the present case produces a starting point that all of the conservatee's property, both real and personal, tangible and intangible, is part of the conservatorship estate. As noted above, there are specific provisions in Division 3 regarding what is NOT part of the estate. See e.g. Cal. Prob. Code § 1828.5 (limited conservatorships) and Cal. Prob. Code § 2601 (wages or salaries for employment are not part of the estate). Section 2100 provides that these specific excluding provisions serve as limitations on the general rule. The details of the specific sections are not relevant to this case, because none of them applies. They merely reinforce the conclusion that the Probate Code includes a comprehensive statutory scheme defining the res of the conservatorship estate. That statutory scheme is

sufficient to satisfy the first prong of the Hemmeter test.

Second, the Probate Code identifies the fiduciary's fund management duties. Probate Code Section 2101 states: "The relationship of...conservator and conservatee is a fiduciary relationship that is governed by the law of trusts, except as provided in this division." Probate Code Section 2401(a) states, in relevant part:

> The...conservator...has the management and control of the estate and, in managing and controlling the estate, shall use ordinary care and diligence. What constitutes use of ordinary care and diligence is determined by all the circumstances of the particular estate."

Cal. Prob. Code §§ 2101 and 2401(a) (West 1991 & Supp 2005).

The foregoing provisions of the CGCL identify the fiduciary's fund management duties. Those provisions satisfy the second prong of the Hemmeter test.

The provisions of the CGCL were invoked by Defendant's appointment as conservator on September 26, 2001, prior to any wrongdoing that resulted in the Judgment. Accordingly, the third prong of the Hemmeter test is satisfied.

Based on the foregoing, the court concludes that Defendant acted at all relevant times in a fiduciary capacity within the meaning of 11 U.S.C. § 523(a)(4).

### Defalcation

Defalcation within the meaning of 11 U.S.C. § 523(a)(4) is broadly defined:

> A defalcation is a failure of a party to account for money or property that has been entrusted to them.

> E.g., In re Cowley, 35 B.R. 526, 529 (Bankr. D. Kan. 1983). In the context of section 523(a)(4), the term "defalcation" includes innocent, as well as intentional or negligent defaults so as to reach the conduct of all fiduciaries who were short in their accounts.

Baird, 114 B.R. at 204.

The Judgment establishes that Defendant breached her fiduciary duties and was surcharged as a result. The surcharge compensates Plaintiff for a shortage in Defendant's account as conservator. Therefore, the court concludes that Defendant's conduct that resulted in the Judgment constituted a defalcation while acting in a fiduciary capacity within the meaning of 11 U.S.C. § 523(a)(4).

The court notes parenthetically that Blyler, et al. v. Hemmeter (In re Hemmeter), 242 F.3d 1186, 1189 (9th Cir. 2001) is distinguishable on this point. Hemmeter involved a suit against the fiduciaries of an Employee Stock Ownership Plan and a 401K Plan established by Morrison Knudsen Corporation. The plaintiffs contended that the fiduciaries were liable for the decline in value of the Morrison Knudsen stock held by the plans. The Ninth Circuit Court of Appeals upheld the dismissal of the complaint for failure to state a claim upon which relief could be granted. It held that the plaintiffs had failed to state a claim because the plans in question[2] specifically authorized investment in Morrison Knudsen stock, and therefore simply investing in and holding that stock could not constitute a "defalcation" within

---

[2] In the case of the ESOP, the court also noted that ERISA recognizes that such plans are designed to invest primarily in qualifying employer securities. Hemmeter, 242 F.3d at 1191, n.2.

the meaning of 11 U.S.C. § 523(a)(4). Hemmeter, 242 F.3d at 1191. Here, Defendant enjoys no similar specific authorization to invest in or hold the contents of the E-Trade Account.

### Conclusion

Because Defendant acted at all relevant times in a fiduciary capacity within the meaning of 11 U.S.C. § 523(a)(4) and because Defendant's conduct that resulted in the Judgment constituted a defalcation while acting in a fiduciary capacity within the meaning of 11 U.S.C. § 523(a)(4), Plaintiff is entitled to judgment as set forth above. The court will issue a separate judgment that complies with Bankruptcy Rule 9021.

Dated: SEP - 6 2005

Thomas C. Holman
United States Bankruptcy Judge

**CERTIFICATE OF MAILING**

I, _____, in the performance of my duties as Deputy Clerk to the Honorable Thomas C. Holman, mailed by ordinary mail a true copy of the attached document to each of the parties listed below:

Frederick H. Schill, Esq.
2068 Talbert Dr., Ste. 300
Chico CA 95928

Douglas B. Jacobs, Esq.
Jacobs & Anderson
20 Independence Circle
Chico CA 95973

Deborah Louise Starzer
PO Box 783
Chico CA 95927

United States Trustee
U.S. Courthouse
501 I Street, Room 7-500
Sacramento CA 95814

DATE: 9/7/05

_____
Deputy Clerk
BARBARA REYNOLDS